

U.S. Department of Justice

*Leah B. Foley*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*              *John Joseph Moakley United States Courthouse*
                                              *1 Courthouse Way*
                                              *Suite 9200*
                                              *Boston, Massachusetts 02210*

March 18, 2025

Roger Burlingame, Esq.
Dechert LLP
Three Bryant Park, 1095 Avenue of the Americas
New York, New York 10036

      Re:    United States v. Aleksei Andriunin et al.
                Criminal No. 24-10190-AK

Dear Attorney Burlingame:

      The United States Attorney for the District of Massachusetts (the "U.S. Attorney") and your client, Aleksei Andriunin ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

      1.     Change of Plea

      As early as practicable, Defendant will plead guilty to Counts One through Three of the Superseding Indictment, which charge conspiracy to commit wire fraud and market manipulation, in violation of 18 U.S.C. § 371 (Count One), and wire fraud, in violation of 18 U.S.C. § 1343 (Counts Two and Three). Defendant admits that Defendant committed the crimes specified in these counts and is in fact guilty of each one. Defendant also agrees to waive venue, to waive any applicable statute of limitations, and to waive any legal or procedural defects in the Superseding Indictment.

      2.     Penalties

Defendant faces the following maximum penalties:

    a) On Count One, conspiracy to commit market manipulation and wire fraud, incarceration for five years; supervised release for three years; a fine of $250,000 or twice the gross gain or loss from the offense, whichever is greater; a mandatory special assessment of $100; restitution; and forfeiture.

    b) For each of Counts Two and Three, wire fraud, incarceration for 20 years; supervised release for three years; a fine of $250,000 or twice the gross gain or loss from the offense, whichever is greater; a mandatory special assessment of $100; restitution; and forfeiture.

Defendant understands that, if Defendant is not a United States citizen by birth, pleading guilty may affect Defendant's immigration status. Defendant agrees to plead guilty regardless of any potential immigration consequences, even if Defendant's plea results in being automatically removed from the United States.

    3.    <u>Sentencing Guidelines</u>

The parties agree that Counts 1, 2, and 3 group for purposes of calculating the Guidelines. The parties also agree, based on the following calculations, that Defendant's total "offense level" under the Guidelines is 13:

    a) Defendant's base offense level is 7, because two of the offenses of conviction (wire fraud) are referenced to USSG § 2B1.1 and have a statutory maximum term of imprisonment of 20 years or more (USSG §2B1.1(a)(1));

    b) Defendant's offense level is increased by 2, because the offenses involved 10 or more victims (USSG § 2B1.1(b)(2)(A)(i));

    c) Defendant's offense level is increased by 2, because a substantial part of a fraudulent scheme was committed from outside the United States, and the offenses otherwise involved sophisticated means and Defendant intentionally engaged in or caused the conduct constituting sophisticated means (USSG § 2B1.1(b)(10)(B), (C));

    d) Defendant's offense level is increased by 4, because Defendant was an organizer or leader of a criminal activity that involved five or more participants and was otherwise extensive (USSG § 3B1.1(a)); and

    e) Defendant's offense level is decreased by 2, because Defendant has accepted responsibility for Defendant's crimes (USSG § 3E1.1(a)).

The parties agree that the fraudulent scheme caused loss as defined under USSG § 2B1.1(b)(1). Specifically, the scheme caused reasonably foreseeable pecuniary harm to dispersed market participants who purchased cryptocurrencies at fraudulently inflated prices and lost money after those prices later dropped, once the prices of those cryptocurrencies were no longer artificially inflated. However, neither these losses nor the gain that resulted from the offense can reasonably be estimated based on available information for the purpose of applying an increase to Defendant's offense level under USSG §2B1.1(b)(1). *See* App. Note 3(C). The U.S. Attorney therefore reserves the right to argue that the offense level "substantially understates the seriousness of the offense" such that "an upward departure may be warranted." App. Note 21.

Defendant understands that the Court is not required to follow this calculation or even to sentence Defendant within the Guidelines and that Defendant may not withdraw Defendant's guilty plea if Defendant disagrees with how the Court calculates the Guidelines or with the sentence the Court imposes.

Defendant also understands that the government will object to any reduction in Defendant's sentence based on acceptance of responsibility if: (a) at sentencing, Defendant (directly or through counsel) indicates that Defendant does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crimes to which Defendant is pleading guilty; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

If, after signing this Agreement, Defendant's criminal history score or Criminal History Category is reduced, the U.S. Attorney reserves the right to seek an upward departure under the Guidelines.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

4.     <u>Sentence Recommendation</u>

The U.S. Attorney agrees to recommend the following sentence to the Court:

a) incarceration for up to, but no greater than 24 months;

b) no fine, in light of forfeiture;

c) 36 months of supervised release;

d) a mandatory special assessment of $300, which Defendant must pay to the Clerk of the Court by the date of sentencing;

e) restitution in an amount to be determined at sentencing; and

f) forfeiture as set forth in Paragraph 6.

Defendant agrees that all criminal monetary penalties, including special assessment, restitution, forfeiture, and/or fine imposed shall be due and payable immediately, and further agrees that any Court-ordered repayment schedule does not preclude further enforcement or collection by the United States.

The U.S. Attorney and the Defendant will also jointly recommend that it be a condition of any term of supervised release the Court imposes that Defendant shall not participate, directly or indirectly, in any issuance, purchase, offer, or sale of any cryptocurrency on any cryptocurrency

trading platform that Defendant knows, or with reasonable diligence should know, is available to investors located in the United States.

5. <u>Waiver of Appellate Rights and Challenges to Conviction or Sentence</u>

Defendant has the right to challenge Defendant's conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that Defendant's conviction or sentence should be overturned.

Defendant understands that Defendant has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

a) Defendant will not challenge Defendant's <u>conviction</u> on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

b) Defendant will not challenge Defendant's <u>sentence,</u> including any court orders related to forfeiture, restitution, fines or supervised release, on direct appeal or in any other proceeding, including in a separate civil lawsuit.

Defendant understands that, by agreeing to the above, Defendant is agreeing that Defendant's conviction and sentence will be final when the Court issues a written judgment after the sentencing hearing in this case. <u>That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge Defendant's conviction and sentence, regardless of whether Defendant later changes Defendant's mind or finds new information that would have led Defendant not to agree to give up these rights in the first place</u>.

Defendant is agreeing to give up these rights at least partly in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that Defendant's lawyer rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in misconduct serious enough to entitle Defendant to have Defendant's conviction or sentence overturned.

6. <u>Forfeiture</u>

Defendant understands that the Court has the authority, upon acceptance of Defendant's guilty plea, to enter an order of forfeiture as part of Defendant's sentence, and that the order of forfeiture may include assets directly traceable to Defendant's offense, assets used to facilitate Defendant's offense, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense.

Defendant also understands that the U.S. Attorney will file a civil forfeiture action against the following property in the United States Court for the District of Massachusetts:

    a. All Tether ("USDT"), with a value of approximately $9,016,612, stored in or accessible in the cryptocurrency wallet with address 0x290B6eBbdca04eE984fB8617E1b92deea23052E3;

    b. All Circle ("USDC"), with a value of approximately $4,177,063, stored in or accessible in the cryptocurrency wallet with address 0x290B6eBbdca04eE984fB8617E1b92deea23052E3;

    c. All USDT, with a value of approximately $4,975,000, stored in or accessible in the cryptocurrency wallet with address 0xB937Ba9358D20EFcDB5F0fD363Ca963989A536ec; and

    d. All USDT, with a value of approximately $4,725,000, stored in or accessible in the cryptocurrency wallet with address 0x64b9de4EDE0D4d8C0155c5F1899aA727D539F258.

**Defendant acknowledges that these assets are also listed in the forfeiture section of the plea agreement of Gotbit Consulting LLC ("Gotbit"), of which Defendant is the sole member, and that while these assets belong to Gotbit**, **they are solely controlled by Defendant on Gotbit's behalf.**

Defendant understands that Gotbit has admitted that these assets are subject to forfeiture because they (1) constitute, or are derived from, proceeds of the offenses and/or (2) were involved in a transaction or attempted transaction in violation of one or more specified statutory offenses. Defendant agrees that it would be impracticable to separate the portion of the above assets directly traceable to proceeds of the criminal offenses alone for forfeiture in the criminal case and therefore, in lieu of criminal forfeiture, Gotbit consents to civil forfeiture of the above assets.

Defendant agrees to waive service of the civil forfeiture complaint, to consent to venue in the District of Massachusetts, to consent to the entry of all orders of forfeiture for the above assets in the civil forfeiture case, and to refrain from filing a claim or otherwise contest the civil forfeiture of the above assets.

Defendant agrees to assist fully in the forfeiture of the above assets. Defendant agrees to promptly take all steps necessary to pass clear title to the above assets to the United States, including but not limited to executing any and all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture. Defendant

further agrees (a) not to assist any third party in asserting a claim to the forfeited assets in an ancillary proceeding, and (b) to testify truthfully in any such proceeding.

Defendant understands and agrees that forfeiture shall not satisfy or affect any fine, lien, penalty, restitution, cost of imprisonment, tax liability or any other debt owed to the United States.

Defendant also agrees to waive all constitutional, legal, and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement.

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

7.  Civil Liability

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to Defendant's criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

8.  Breach of Plea Agreement

Defendant understands that if Defendant breaches any provision of this Agreement, violates any condition of Defendant's pre-trial release or commits any crime following Defendant's execution of this Plea Agreement, Defendant cannot rely upon such conduct to withdraw Defendant's guilty plea. Defendant's conduct, however, would give the U.S. Attorney the right to be released from the U.S. Attorney's commitments under this Agreement, to pursue any charges that were, or are to be, dismissed under this Agreement, and to use against Defendant any of Defendant's statements, and any information or materials Defendant provided to the government during investigation or prosecution of Defendant's case—even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Defendant also understands that if Defendant breaches any provision of this Agreement or engages in any of the aforementioned conduct, Defendant thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

9.  Who is Bound by Plea Agreement

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

10. <u>Modifications to Plea Agreement</u>

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

\* \* \*

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney David M. Holcomb.

Sincerely,

LEAH B. FOLEY
United States Attorney

By: _____
SETH B. KOSTO
Chief
Securities, Financial & Cyber Fraud Unit

KRISS BASIL
Deputy Chief
Securities, Financial & Cyber Fraud Unit

_____
DAVID M. HOLCOMB
CHRISTOPHER J. MARKHAM
Assistant U.S. Attorneys

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received no prior offers to resolve this case.

I understand the crimes I am pleading guilty to, and the maximum penalties for those crimes. I have discussed the Sentencing Guidelines with my lawyer, and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me, and we have had enough time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offenses. I believe this Agreement is in my best interest.

_____
ALEKSEI ANDRIUNIN
Defendant

Date: 3\19\25

I certify that Aleksei Andriunin has read this Agreement and that we have discussed what it means. I believe Aleksei Andriunin understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers regarding a change of plea in this case.

_____
ROGER BURLINGAME, ESQ.
Attorney for Defendant

Date: 3\19\25

9